UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

K.S., et al.,

                              Plaintiffs,

          -v-

CITY OF NEW YORK, et al.,

                              Defendants.

CIVIL ACTION NOS.:  21 Civ. 4649 (JSR) (SLC)
                              24 Civ. 3390 (JSR) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is a Letter-Motion for Reconsideration (see Case No. 21 Civ. 4679, ECF No. 169; Case No. 24 Civ. 3390, ECF No. 55 (the "Motion")) of the Court's November 1, 2024 Order (see Case No. 21 Civ. 4649, ECF No. 168; Case No. 24 Civ. 3390, ECF No. 52 (the "Nov. 1 Order")).[1]  Plaintiffs have filed a Letter-Opposition to the Motion (ECF No. 179 (the "Opposition")), and—having received leave to do so—the City Defendants have filed a Reply (ECF No. 185 (the "Reply," with the Motion and Opposition, the "Submissions")).  In addition, the Court heard argument regarding the Motion at a telephonic discovery conference held today, November 26, 2024 and therefore deems the Motion ripe for consideration.  For the reasons set forth below, the Motion is GRANTED.

## I. BACKGROUND

Given the complicated and lengthy history of these consolidated actions, the Court assumes familiarity with the facts and includes only the information relevant to this Order.  On

---

[1] For simplicity, the Court will from here forward cite only to the docket entries in Case No. 21 Civ. 4649. The terms of the Court's Order will nevertheless apply in each of the above-captioned cases.

September 30, 2024, the Honorable Jed S. Rakoff issued an order that, in relevant part, limited Plaintiffs' discovery related to educational policies and practices to school year 2017–18 onwards. (See ECF No. 143 (the "Sept. 30 Order")). Judge Rakoff then referred these cases to the undersigned to resolve other ongoing discovery disputes. (See ECF No. 154). Consistent with Judge Rakoff's referral, before today, the undersigned held conferences with the parties on four occasions and issued three post-conference orders (ECF Nos. 165, 168, 177) addressing the disputes resolved at each conference. In relevant part, the Nov. 1 Order—issued after a conference held that day—(1) extended the discovery schedule in these actions, (2) directed the City Defendants to prepare Federal Rule of Civil Procedure 30(b)(6) representatives to be deposed regarding a variety of topics, and (3) extended the deadline for the City Defendants to respond to Plaintiffs' second set of requests for production. (ECF No. 168 at 1–4).

On November 6, 2024, the City Defendants filed the Motion, seeking reconsideration of the Nov. 1 Order and requesting an order that "all outstanding discovery from the DOE, documentary, depositions, and otherwise, be limited in scope and time frame to the 2014 time period coming forward." (ECF No. 169 at 3). In support of their request, they argue that Plaintiffs' requests for any materials predating 2014 are untimely, and they urge the Court to follow Judge Rakoff's ruling in the Sept. 30 Order. (ECF No. 169 at 2–3).

On November 13, 2024, Plaintiffs filed the Opposition, arguing that the Motion amounts to an effort to bypass the Federal Rules of Civil Procedure and proper methods of presenting statute of limitations defenses. (ECF No. 179 at 1). They further argue that the City Defendants' tolling argument is a "red herring" distracting from the fact that Plaintiffs are entitled under state law to the records they seek irrespective of the filing of this lawsuit. (Id.)

Finally, in reply, the City Defendants dispute Plaintiffs' interpretation of the tolling issue and suggest that any production of the discovery Plaintiffs seek is unnecessary because Plaintiffs already prevailed at administrative proceedings as to the educational claims for the relevant years and that obtaining "additional discovery will not assist Plaintiff[s] in proving the already-established educational deprivation claims in this case." (ECF No. 185 at 1–2).

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester County, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in

other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

## B. Application

Having reviewed the Submissions and the Sept. 30 Order, the Court concludes that the Motion should be granted. In issuing the Nov. 1 Order, the undersigned overlooked Judge Rakoff's ruling limiting "discovery of educational policies and practices to school year 2017–18 and onwards." (See ECF No. 143 at 2). Judge Rakoff's ruling is binding in these actions, and the Court's oversight of that decision is an appropriate basis on which to grant the Motion. See Shrader, 70 F.3d 255, 257 (2d Cir. 1995); Novick v. AXA Network, LLC, No. 07 Civ. 7767 (AKH) (KNF), 2013 WL 6388362, at *1 (S.D.N.Y. Dec. 6, 2013) (granting motion for reconsideration where the court had "overlooked the fact that 'the District Judge changed [the] July 13, 2012 deadline to July 27, 2012 just moments after he set it[,]'" rendering its conclusion that a party

failed to obey by an order "erroneous" and subject to vacatur). The Court notes that the Sept. 30

Order "does not preclude plaintiffs from arguing in the future that tolling is proper for education-

related claims on other grounds, such as the tolling exceptions to the statute of limitations under

IDEA." (ECF No. 143 at 3). This provision of the Sept. 30 Order also remains in effect.

### III. CONCLUSION

For the reasons set forth above, the Motion (see Case No. 21 Civ. 4679, ECF No. 169; Case

No. 24 Civ. 3390, ECF No. 55) is GRANTED, and the parties shall abide by the terms of the Nov. 1

Order only to the extent it does not conflict with the Sept. 30 Order.

The Clerk of Court is respectfully directed to close ECF Nos. 169 and 55 in their respective

cases.

Dated:      New York, New York
            November 26, 2024

SARAH L. CAVE
United States Magistrate Judge